**WATERBURY CO. v. SUNSET LIGHTERAGE CORPORATION et al.**

**THE CONENAUGHT.**

Circuit Court of Appeals, Second Circuit.
April 9, 1928.

No. 185.

**1. Courts ⬅406(1¼)—District Court's finding on conflicting testimony will not be disturbed by Circuit Court of Appeals on appeal.**

Circuit Court of Appeals cannot disturb finding of District Court on conflicting testimony.

**2. Shipping ⬅104—Agent of lighterage corporation held to accept contract of carriage, rendering company liable for failure to send seaworthy lighter.**

Conduct of agent of lighterage corporation in holding letter and delivery order of agent of shipper, who believed he was entering into contract of carriage with lighterage corporation, and in forwarding such letter and order to another lighterman without informing shipper thereof, *held* to have constituted acceptance of contract of carriage, imposing liability of lighterage corporation for its failure to send a seaworthy lighter.

**3. Shipping ⬅132(2)—Cargo owner, suing for damages from sinking of unseaworthy lighter, held not entitled to decree against impleaded bailee of lighter not charged with fault.**

Where libel by cargo owner against lighterage corporation for damages caused by sinking of unseaworthy lighter alleged contract between cargo owner and lighterage corporation, and one impleaded as bailee of lighter was not charged with any fault, and such bailee answered both libel and impleading petition, *held* that, under such pleadings, cargo owner was entitled to no decree against the bailee; no contract between them having been alleged.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the Waterbury Company against the Sunset Lighterage Corporation and the steam lighter Conenaught, wherein Hazel Decker filed claim as owner of lighter and impleaded Joseph R. Ferry. From a decree holding the lighter Conenaught primarily liable, and the Sunset Lighterage Corporation secondarily liable, and dismissing the petition against Joseph R. Ferry, the Sunset Lighterage Corporation appeals. Affirmed, with leave to Sunset Corporation to file a petition or cross-libel.

Appeal from an interlocutory decree of the District Court of the United States for the Southern District of New York in Admiralty.

A libel was filed by the Waterbury Company as the owner of a cargo of hemp to recover damages thereto caused by the sinking of the steam lighter Conenaught owing to unseaworthiness. The libelant sued the Sunset Lighterage Corporation in personam, on its contract of carriage, and the vessel in rem. Hazel Decker, as owner of the lighter, impleaded Joseph R. Ferry, who had the lighter under oral charter. A decree was entered holding liable the Conenaught primarily, and the Sunset Corporation secondarily, and dismissing the petition against Ferry, and the Sunset Lighterage Corporation appealed. Affirmed.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellant-respondent Sunset Lighterage Co.

Bigham, Englar & Jones, of New York City (Leonard J. Matteson, of New York City, and Willard M. L. Robinson, of Brooklyn, N. Y., of counsel), for libelant.

William F. Purdy, of New York City, for respondent-impleaded-appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge. There was a dispute in the testimony as to the making of the contract between the Waterbury Company and Sunset Corporation. Mr. Lane, of the former, testified that he telephoned Mr. Whalen, of the latter, with reference to lightering 250 bales of hemp from pier 18 Brooklyn to the Bush Terminal; that Mr. Whalen replied that he would put him in touch with their lighterage man; that thereafter Mr. Ferry telephoned him and they arranged terms. Thereupon Mr. Lane, for Waterbury Company, wrote a letter to Sunset Corporation giving instructions for "your lighterman" and inclosing a delivery order addressed to the vessel upon which the hemp lay and ordering delivery of 250 bales to the Sunset Corporation. Whalen's testimony was to the effect that he told Lane that Sunset Corporation was not interested in lightering so small a quantity but he would put Mr. Lane in touch with a lighterman; that thereupon he telephoned Ferry to call Mr. Lane; that Ferry made the contract with Waterbury Company on his own account. The letter and delivery order Whalen assumed to have been sent to Sunset Corporation by mistake and forwarded to Ferry without communicating with Waterbury Company regarding them. With Whalen's authority, according to Ferry's testimony, he indorsed Sunset Corporation's name to the delivery order and obtained the hemp. Ferry and Whalen agree that Sunset Corporation was to receive nothing on account of the business turned over to Ferry.

[1, 2] The District Court found that a contract was made by Sunset Corporation with Waterbury Company and stated that he believed the testimony of Lane because it was borne out by the conduct of the parties before there was any motive to color their talk. We cannot disturb this finding of fact on conflicting testimony as to what was said between the two. And in any event, whatever the conversation, Whalen's conduct in holding the letter and delivery order in silence and causing Ferry to act under them constitutes acceptance of Lane's proposal. That made a contract to send a seaworthy lighter, and Sunset Corporation is clearly responsible.

[3] It is urged that Waterbury Company should take a decree against Ferry in exoneration of Sunset Corporation. The first difficulty is with the pleadings. The libel charged Sunset Corporation upon a contract of carriage and the Conenaught upon a maritime lien arising from Sunset Corporation's tender of her to perform its contract. Decker's petition which impleaded Ferry charged that he was bailee of the lighter and that she was seaworthy; it charged no fault against him unless it be failure properly to care for the lighter while bailed to him. Sunset Corporation and Decker each answered the libel. Under the law Ferry became a party to the libel as well as to the petition, and he answered both. Sunset Corporation filed no pleading against him, and must be content with whatever the libel and petition together allege against him. Taken together the most that they can be said to charge is that Sunset Corporation made the contract of carriage and that Ferry performed it by tendering an unseaworthy lighter of which he was bailee.

On these pleadings it is impossible to see how Waterbury Company could have taken a decree against Ferry. No contract between them is alleged. Neither is it alleged that Sunset Corporation employed Ferry to perform its contract with Waterbury Company. Possibly by voluntarily undertaking to perform Sunset Corporation's contract he became liable to it without formal employment, but upon what theory could he be held responsible to Waterbury Company? We are referred to no authority. Neither on the pleadings nor on the proof do we think Waterbury Company was entitled to a decree against Ferry.

Whether Sunset Corporation could prove that Ferry was responsible to it, we need not say. It is enough that no pleading charges such liability. See W. R. Grace & Co. v. Nagle, 275 F. 340, 343 (C. C. A. 2). We are willing, however, to allow Sunset Corporation to file in the District Court a petition or cross-libel alleging, if it can, his responsibility for its breach of contract.

The decree is affirmed, with leave to Sunset Corporation to file such a pleading.